UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0136-JMS-DKL-1 |
| | ) | |
| DAVID W. SOUTHERTON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On June 20, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 3, 2014 and June 6, 2014.  Defendant David Southerton appeared in person with his appointed counsel, Mike Donahoe.  The government appeared by Josh Minkler, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Patrick Jarosh.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant of his rights and provided him with a copy of the petitions.  Defendant waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant admitted violations 2, 3, 4, 6, 7, and 8 [Docket Nos. 15 and 23.]  Government orally moved to dismiss violations 1 and 5 and the Court same granted.

3.      The allegations to which Defendant admitted, as fully set forth in the petition, are:


**Violation**
**Number**     **Nature of Noncompliance**


2              **"While under supervision the defendant shall not consume alcoholic beverages or any mood altering substances, which condition overrides the no excessive use of alcohol language in Standard Condition No. 7."**

               On May 17, 2014, the offender submitted to an alcohol test, administered by Kokomo Police, and tested positive for alcohol at .0139 percent B.A.C.

3              **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

               On May 17, 2014, the offender was arrested by Kokomo, Indiana, Police. The offender was released from custody on May 27, 2014, and as of this writing, he has not notified the probation officer of this contact/arrest by law enforcement.

4              **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."**

               As previously reported to the Court, on May 9, 2013, and July 26, 2013, home visits were conducted at the offender's residence. During both of these visits, the probation officer located sets of brass knuckles in plain view, and confiscated these weapons.

6              **"While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which condition overrides the no excessive use of alcohol language in Standard Condition No. 7."**

               On May 25, 2014, as previously mentioned, the offender submitted to an alcohol test, administered by the Winimac Police Department, and tested positive for alcohol at .18 percent BAC.

7              **"The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer."**

               On May 25, 2014, as previously mentioned, the offender was arrested by the Winimac, Indiana, Police Department. He was released from custody on May 25, 2014, but failed to notify the probation office until June 6, 2014.

8          **"The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer."**

On May 25, 2014, the offender was arrested in Winimac, Indiana, located in the Northern District of Indiana. During the arrest, the offender advised officers that he as en route to France Park, located in Logansport, Indiana. The offender never requested permission to travel to the Northern District of Indiana, and was never granted permission to leave the judicial district.

4.     The parties stipulated that:

(a)     The highest grade of violation is a Grade C violation.

(b)     Defendant's criminal history category is III.

(c)     The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

5.     The parties jointly recommended a sentence of 5 months to be served at the Volunteers of America with no supervised release to follow. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant's supervised release shall be revoked and that he should be sentenced to the custody of the Attorney General or his designee for a period of 5 months to be served at the Volunteers of America with no supervised release to follow. While at the Volunteers of America, Defendant is to be placed on non-lockdown status and is to participate in substance abuse counseling. The Defendant is to self-surrender upon designation by the Federal Bureau of Prisons. Defendant is released onto conditions of supervised release pending the District Judge's action on this Report and Recommendation.

The parties waived the fourteen-day period to object to the Report and Recommendation.


Dated:  06/25/2014

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana




Distribution to counsel of record via electronic notification.

USPO